IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TERRENCE M. WHITAKER, )
 )
      Plaintiff, pro se, )
 ) **MEMORANDUM OPINION**
v. ) **AND RECOMMENDATION**
 )
UNITED STATES OF AMERICA, et al., ) 1:09CV193
 )
      Defendant(s). )

This matter comes before the court on Plaintiff's motion for return of forfeited property (docket no. 1) and Defendants' subsequent motion to dismiss or, in the alternative, for summary judgment (docket no. 9). Plaintiff failed to respond to Defendants' motion, and the time to do so has passed. The motion is thus ripe for disposition. The parties have not consented to the jurisdiction of a magistrate judge; therefore, the court must deal with Defendants' motion by way of recommendation. For the following reasons, it will be recommended that the court deny Plaintiff's motion for return of property and grant Defendants' motion for summary judgment.

**PROCEDURAL POSTURE**

On March 17, 2009, Plaintiff filed a pro se complaint alleging lack of sufficient notice by the United States Drug Enforcement Administration ("DEA") in a civil administrative forfeiture proceeding in which certain property belonging to Plaintiff was confiscated (docket no. 1). Plaintiff names the United States of America and the DEA as Defendants in the complaint. Defendants filed a timely motion to

dismiss or, in the alternative, for summary judgment on June 22, 2009 (docket no. 9). As noted, Plaintiff failed to respond to Defendants' motion.

**FACTUAL BACKGROUND**

On May 30, 2006, members of the Greensboro Police Department conducted narcotics investigations at two Greensboro residences occupied by Plaintiff. (Compl. ¶ VII.) During the investigations, the officers discovered and seized 60 grams of crack cocaine, along with $10,937.00 in U.S. currency. (*See* Hieronymus Decl. ¶ 4(a).) Plaintiff was subsequently arrested on conspiracy and substantive crack cocaine charges. On June 29, 2006, the DEA office in Greensboro adopted seizure of the currency and subsequently prepared and submitted a forfeiture report to the DEA's Acting Forfeiture Counsel. (*Id.*) After conducting a thorough review, the DEA accepted the case for administrative forfeiture pursuant to 21 U.S.C. § 881(a). (*Id.*)

On July 25, 2006, the DEA sent notice of the forfeiture proceedings to the two addresses associated with Plaintiff via certified mail, return receipt requested.[1] (*Id* ¶ 4(b) and (c).) The notice mailed to 1204 Willard Street was returned as undeliverable (*Id.* ¶ 4(b)), but an individual who executed the return receipt in Plaintiff's name, and identified himself as the addressee in the signature block, accepted the notice sent to 901 Tipperary Drive. (*Id.* ¶ 4(c).) The DEA also

---

[1] Pursuant to a narcotics investigation, the Greensboro Police Department identified two residences occupied by Plaintiff: 1204 Willard Street, Greensboro, NC 27405 and 901 Tipperary Drive, Greensboro, NC 27406.

published notice, pursuant to 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75,[2] in the *Wall Street Journal* for three consecutive weeks in August 2006. (*Id.* ¶ 4(d).) On October 6, 2006, after the time limit for filing a claim had expired, and in the absence of a properly executed claim, the DEA forfeited the amount of $10,937.00 to the United States under authority of 19 U.S.C. § 1609. (*Id.* ¶ 4(e).)

On March 24, 2008, the DEA received a letter from Plaintiff requesting information regarding the seized currency. (*Id.* ¶ 4(f).) The DEA responded to Plaintiff's inquiry in a letter stating that the currency had been forfeited and that the case was closed. (*Id.* ¶ 4(g).) On March 17, 2009, Plaintiff filed the instant action requesting return of the currency, alleging that he never received notice of the administrative forfeiture proceedings. (Compl. ¶ VII.)

**DISCUSSION**

---

[2] Pursuant to 19 U.S.C. § 1607(a), if the civil forfeiture of seized property or United States currency does not exceed $500,000, the Government must publish notice of the seizure and intention to forfeit the property or money seized "for at least three successive weeks" in a "newspaper of general circulation in the judicial district" in which the proceeding is brought, and send written notice to "each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75(a). Moreover, the notice given to the person whose property or currency is to be seized shall:

> (1) Describe the property seized and show the motor and serial numbers, if any; (2) state the time, cause, and place of seizure; and (3) state that any person desiring to claim the property may, within 20 days from the date of first publication of the notice, file with the custodian or DEA Asset Forfeiture Section a claim to the property and a bond with satisfactory sureties in the sum of $5,000 or ten percent of the value of the claimed property whichever is lower, but not less than $250.

21 C.F.R. § 1316.75(b).

In their moving papers, Defendants have presented materials outside the pleadings. A motion to dismiss should be construed as one for summary judgment if matters outside the pleadings "are presented to and not excluded by the court." FED. R. CIV. P. 12(b). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court notes that Plaintiff failed to file a response to Defendants' motion. Under Local Rule 7.3(k), a motion that is uncontested may be granted without further notice. Nevertheless, and because the court is entering a ruling on summary

judgment, the court will consider the merits of the motion.³ As a result of Plaintiff's failure to respond to Defendants' motion, Defendants' facts are uncontested, and the court will limit its inquiry to whether Defendants are entitled to summary judgment as a matter of law. *See Custer v. Pan Am. Life Ins. Co.*, 12 Fd 410, 416 (4th Cir. 1993).

Plaintiff alleges in the complaint that he did not receive notice before the administrative forfeiture of his property. (Compl. ¶ VII.) The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") is the exclusive remedy for challenges to an administrative forfeiture. 18 U.S.C. § 983(e)(5) (2000). The statute provides the following procedure for challenging closed civil forfeiture proceedings on the grounds of defective notice:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

---

³ On June 23, 2009, the clerk of court mailed the standard *Roseboro* letter to Plaintiff, notifying him that he had the right to respond to Defendants' motion within twenty days of being served with the motion. Plaintiff did not file a response. An uncontested motion for summary judgment is not automatically granted. *Campbell v. Hewitt, Coleman & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir. 1994). Rather, the moving party's facts are deemed uncontroverted, and the court determines whether the moving party is entitled to judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (the moving party still must show that the facts entitle him to judgment as a matter of law).

5

*Id.* § 983(e). Defendants have produced evidence showing that the DEA took "reasonable steps to provide [Plaintiff] with notice," as required by the statute. *Id.* § 983(e)(1)(A). Furthermore, the evidence shows that Plaintiff did "know or have reason to know of the seizure within sufficient time to file a timely claim." *Id.* § 983(e)(1)(B).

The DEA sent notice to Plaintiff at two known addresses and subsequently gave notice by publication in the *Wall Street Journal*, a national news publication, over the course of three weeks. (Hieronymus Decl. ¶ 4(b)-(d).) Plaintiff complains that he did not receive actual notice of the forfeiture proceedings. (Compl. ¶ VII.) The United States Supreme Court has stated, however, that due process under the Constitution only requires that notice of forfeiture be "'reasonably calculated' to apprise a party" of the pending action; it does not require actual notice. *See Dusenbery v. United States*, 534 U.S. 161, 170-71 (2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Defendants' efforts were reasonably calculated to provide Plaintiff notice of the impending forfeiture proceedings. Defendants sent Plaintiff two notices via certified mail. (Hieronymus Decl. ¶ 4(b) and (c).) The notice mailed to 901 Tipperary Drive was received and acknowledged by an individual who signed in the signature block and identified himself as the addressee. (Defs.' Ex. 4.) The government is not required to ensure that notice received and signed for has actually reached the

6

intended claimant;[4] it is only obligated to employ means "reasonably calculated, under all the circumstances" to reach the interested party. *Mullane*, 339 U.S. at 314. Under the circumstances, Defendants had no reason to suspect that Plaintiff did not receive notice of the forfeiture proceedings; therefore, Defendants' efforts to provide Plaintiff notice were sufficient. Moreover, in their uncontested motion for summary judgement, Defendants provided evidence that Plaintiff received actual notice of the forfeiture proceedings.[5] (*See* Defs.' Ex. 4.) As such, the court finds that Plaintiff received adequate notice of the administrative forfeiture action and, thus, is not entitled to have the action set aside.

**CONCLUSION**

For the reasons stated herein, **IT IS RECOMMENDED** that the court **DENY** Plaintiff's motion for return of property (docket no. 1), and **GRANT** Defendants' motion for summary judgment (docket no. 9).

_____
WALLACE W. DIXON
United States Magistrate Judge

September 23, 2009

---

[4] *See Weigner v. New York*, 852 F.2d 646, 651 (2$^d$ Cir. 1988) (noting that "particularly where mailing is supplemented by other forms of notice such as posting or publication, the risk of non-receipt is constitutionally acceptable").

[5] As previously noted, Plaintiff failed to respond to Defendants' motion. As such, Defendants' claim that Plaintiff received actual notice of the impending forfeiture proceedings is uncontested.

7